## 7638. FARMER v. THE STATE.

BROYLES, J. There is no merit in the extraordinary motion for a new trial, based solely upon alleged newly discovered evidence, and the court did not err in overruling the motion.      *Judgment affirmed.*

DECIDED OCTOBER 18, 1916.

Accusation of sale of liquor; from city court of Carrollton —Judge Beall. June 10, 1916.

*Emmett Smith, II. H. Burns,* for plaintiff in error.

*C. E. Roop, solicitor,* contra.

---

## 7639. PEYTON v. THE STATE.

HODGES, J. 1. The evidence established the fact that the accused violated the prohibition law of the State.

2. The instruction to the jury, that "Where it is shown that one furnished to another intoxicating liquor' and received therefor money or other thing of value, he is presumed to be the seller," was not subject to the exception taken, viz., that "there was no evidence that the defendant furnished any intoxicating liquor."

3. The instruction to the jury that the conduct of a person named, who was a witness for the State, had nothing to do with the case on trial, was not subject to the exception that it was an intimation of opinion as to the weight and credit to be given to his testimony.

4. In view of the evidence, the instruction to the jury, that "the report of this matter" by one of the witnesses to a certain person had "no bearing upon the issuable facts in this case," was not prejudicial to the accused.

5. It is not cause for a new trial that the judge, when ruling upon objections of the defendant's counsel to statements made in the argument of counsel for the prosecution, said in the presence of the jury: "There is no evidence in the case that Edgar Peterson is prosecutor in the case or had any conference with the solicitor, or that he had anything to do with the drawing of the indictment, no evidence that before the solicitor drew the indictment he had any conference with Peterson." "The grand jury has got a right to charge it at any time within two years. Got no right to go before the grand jury until the indictment is drawn." These remarks were harmless. They did not indicate bias or prejudice against the defendant, and could not have the effect of impressing the jury that the court held any opinion as to his guilt or innocence.      *Judgment affirmed.*

DECIDED OCTOBER 18, 1916.

Accusation of misdemeanor; from city court of Polk county—Judge J. K. Davis. June 5, 1916.

*Bunn & Trawick,* for plaintiff in error.

*J. A. Wright, solicitor, E. S. Ault,* contra.